UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO DEQUARY RAMSEY,

        Petitioner,                           Case No. 1:13-cv-1210

v.                                                      Honorable Robert J. Jonker

STEVE RIVARD,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I.  Factual allegations

Petitioner, who is represented by counsel in this action, is incarcerated in the St. Louis Correctional Facility. He was convicted in the Muskegon County Circuit Court of second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner filed a motion for a directed verdict of acquittal or new trial under MICH. CT. R. 6.419(B), (D) and MICH. CT. R. 6.431, which was denied by the trial court on January 28, 2011. In February 2011, Petitioner filed an appeal as of right in the Michigan Court of Appeals. In an unpublished opinion issued on April 26, 2012, the Michigan Court of Appeals affirmed Petitioner's conviction. Petitioner sought leave to appeal in the Michigan Supreme Court, but leave was denied on November 7, 2012.

Petitioner now raises the following grounds for habeas corpus relief in his amended petition (verbatim):

I.  Petitioner was denied his 14th amendment right to due process and his six amendment right to a trial by a fair and impartial jury because the jurors were aware that he had a conviction for criminal sexual conduct in the second degree during deliberations without the knowledge or consent of Petitioner or his counsel.

II. The State Court action against Petitioner resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(Am. Pet., docket #7, Page ID##59-60.)

II.  Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner raised his first ground for relief on direct appeal in the Michigan Court of Appeals and the Michigan Supreme Court. Consequently, the issue was properly exhausted. Petitioner, however, failed to exhaust his second ground, in which he claims that the evidence was insufficient to support his convictions for second-degree murder and felony-firearm. In his Michigan Court of Appeals brief, Petitioner argued only that the evidence was against the great weight of the evidence. (*See* Def.-Appellant's Brief on Appeal, docket #9, Page ID##80, 121). The brief makes no reference to a constitutional guarantee or to the standard for sufficiency of the evidence claims set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In fact, Petitioner did not cite any legal authority, state or federal, in support of his claim. The Michigan Court of Appeals found that

Petitioner did not present his great weight of the evidence claim in a motion for new trial, and, thus, the issue was unpreserved for appeal.¹ *People v. Ramsey*, No. 302569, 2012 WL 1449163, at *5 (Mich. Ct. App. Apr. 26, 2012). Nevertheless, the court of appeals reviewed the claim for plain error and concluded that Petitioner's conviction was not against the great weight of the evidence. *Id.*

The Michigan courts apply the great-weight-of-the-evidence standard to determine whether to grant a new trial. *See People v. Lemmon*, 576 N.W.2d 129, 137 (Mich. 1998). This question is distinct from the due-process guarantee offended by insufficient evidence and "does not implicate issues of a constitutional magnitude." *Id.* at 133. As a consequence, a "weight of the evidence claim" is purely a matter of state law and is not cognizable on habeas review. *See* 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, __ U.S. __, 131 S. Ct. 13, 16 (2010) ("[I]t is only noncompliance with federal law that renders a state's criminal judgment susceptible to a collateral attack in the federal courts."); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *accord Underwood v. Berghuis*, No. 1:08–cv–642, 2011 WL 6938471, at *15 (W.D. Mich. Aug. 8, 2011) ("Since a 'weight of the evidence claim' is purely a matter of state law, it is not cognizable on habeas review.").

Moreover, Petitioner's great weight of the evidence claim did not give the court of appeals a fair opportunity to address a constitutionally-based insufficiency of the evidence claim.

---

¹In his motion for a directed verdict of acquittal or for new trial, Petitioner did not assert a constitutional violation or provide case law relevant to a sufficiency of the evidence claim. Nevertheless, Petitioner attacked the evidence presented at trial and asked the court for a judgment of acquittal "because the convictions are based on evidence totally insufficient for conviction." (*See* Def. Motion for Directed Verdict of Acquittal or New Trial, docket #8, Page ID#74.) Petitioner disputes the Michigan Court of Appeals' determination that he did not present his claim in the trial court. Whether Petitioner raised a great weight of the evidence claim or sufficiency of the evidence claim in the trial court is without consequence as he clearly did not raise a federal sufficiency of the evidence claim in the Michigan Court of Appeals.

In order for an issue to meet the exhaustion requirement, the claim "must include a reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 163 (1996). To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. Because Petitioner did not "fairly present" a federal sufficiency of the evidence claim in the Michigan Court of Appeals, the issue is unexhausted. *See Vary v. Lafler*, No. 2:09-cv-13943, 2011 WL 4445841, at *5-6 (E.D. Mich. Sept. 26, 2011).

Assuming Petitioner presented a federal sufficiency of the evidence claim in his application for leave to appeal in the Michigan Supreme Court, presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000). Unless the state supreme

court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Muskegon County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could

jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on November 7, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 5, 2013. Accordingly, Petitioner had one year, until February 5, 2013, in which to file his habeas petition. Petitioner timely filed his petition on November 5, 2013.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2] In the instant case, the statute of

---

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

limitations has now expired. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, any subsequent petition would be time-barred.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will

review only his exhausted claims.  In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

        An Order consistent with this Opinion will be entered.


Dated:    February 12, 2014        /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   UNITED STATES DISTRICT JUDGE